**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CARLOS ELIZALDE,

        Plaintiff,

v.                                               Case No. 6:13-cv-1777-Orl-37KRS

SOS FURNITURE COMPANY, INC.,

        Defendant.

## ORDER

This cause is before the Court on the parties' Second Renewed Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice for the Claims of Plaintiff, Carlos Elizalde (Doc. 42), filed July 24, 2015.

## BACKGROUND

In this Fair Labor Standards Act ("FLSA") action, Plaintiff, a former "warehouse worker," claims unpaid overtime wages from Defendant, his former employer. (Doc. 1, ¶¶ 4, 8–10.) The parties now jointly move for approval of a settlement agreement and for dismissal of this action with prejudice. (Doc. 42.)

Upon consideration, the Court finds that the motion is due to be granted.

## STANDARDS

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304,

1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before dismissing an action. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

**DISCUSSION**

After review of the parties' briefing (Doc. 42, pp. 1–4) and their settlement agreement (*id.* at 5–10), the Court finds that the settlement agreement is fair and reasonable, as *Lynn's Food* requires. *See* 679 F.2d at 1355. Briefly, the settlement agreement reflects a fair and reasonable resolution of a bona fide evidentiary dispute over the length of Plaintiff's employment and the number of overtime hours that he worked. (*See* Doc. 42, pp. 6–7). Likewise, Plaintiff's counsel's $11,000.00 attorney's fee is reasonable, as the parties stipulate that it was negotiated "separately" and "independent of the damages amount payable to Plaintiff." (*Id.* at 7); *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding separately negotiated

attorney's fees to be reasonable). Finally, the settlement agreement does not contain any impermissible confidentiality, non-disparagement, non-cooperation, or general-release provisions.[1] *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (disapproving of such provisions); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (same). The settlement agreement thus comports with the requirements of *Lynn's Food* and is therefore due to be approved, with one exception: the settlement agreement requests that the Court retain jurisdiction to enforce its terms. (Doc. 42, p. 8.) The Court declines to do so, and it finds that the retention provision should be severed under the agreement's severability clause (*see id.*).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Second Renewed Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice for the Claims of Plaintiff, Carlos Elizalde (Doc. 42, pp. 1–4) is **GRANTED**.

2. The Settlement Agreement (*id.* at 5–11) is **APPROVED**, with the exception that the Court declines to retain jurisdiction to enforce the agreement's terms.

3. This action is **DISMISSED WITH PREJUDICE**.

4. The Clerk is **DIRECTED** to terminate all deadlines and close the file.

---

[1] The parties note that Defendant paid "an additional $200.00 so as to secure a full release of all damages and claims as alleged in Plaintiff's complaint." (Doc. 42, p. 7.) Plaintiff's one-count Complaint asserts only an unpaid-overtime FLSA claim. (Doc. 1.) Accordingly, the Court presumes that the $200 was not intended to secure any sort of general release unrelated to the claim at issue in this action. If it was, the Court expressly finds any such general release to be unreasonable and unenforceable. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 18, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record